### LINK THOMPSON v. THE STATE.

#### No. 2631.     Decided June 23, 1903.

**1.—Theft of a Bicycle—Evidence Sufficient.**

See opinion for evidence held amply sufficient to support a conviction for theft of a bicycle.

**2.—Continuance.**

An application for continuance or postponement is properly refused where no diligence to secure the attendance of the witnesses is shown.

**3.—New Trial.**

A new trial will not be granted for testimony simply cumulative; nor for testimony which does not exclude the idea of defendant's guilt.

Appeal from the County Court of Travis. Tried below before Hon. James R. Hamilton, County Judge.

Appeal from a conviction of theft of a bicycle; penalty, a fine of $25 and imprisonment in the county jail for a period of ten days.

The opinion states the case.

*Sandbo & Shelton,* for appellants.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was charged with the theft of a bicycle, the property of J. W. Barnhart. It is contended that the evidence is not sufficient to support the conviction. Appellant was seen in possession of the bicycle about February 15, 1903, riding it down

a steep hill on East Eleventh Street, in the city of Austin. B. N. Barn-hart, brother of the alleged owner, recognized it and stopped appellant and inquired into his right of possession. He told witness that he had borrowed it of Bud Taylor; did not know where Bud Taylor got it. The next day the owner, J. W. Barnhart, accompanied by Officer Morris, went to where appellant stated he was living, in search of the missing bicycle. It had been gone from his possession about one month, when appellant was first seen with it. He found appellant standing in the yard, and the officer requested appellant to show him the bicycle he was riding the day before when stopped by B. N. Barnhart. Bud Taylor was standing near by, and appellant went over to where he was and had a private talk with him for a few minutes. What was said is not shown in the record, as Bud Taylor was not a witness. Defendant then returned to the officer and the alleged owner, and carried them into the house and showed them what the witnesses term a "Cleveland" wheel. Barnhart's bicycle was a "Monarch." They were shown no other wheel by defendant or anybody else. On the following day the officer went back and found the alleged stolen wheel in the yard near the fence. Appellant when accosted in regard to his possession of the wheel laid no claim to it, but stated that he had borrowed it from Bud Taylor. The bicycle had been changed to the extent that the back wheel properly belonging to it had been taken off and a wheel substituted from a Cleveland bicycle. Appellant testified in his own behalf that he told Barnhart the wheel was not his property; that he had borrowed it from the Taylor girls; that when he got the bicycle it had no back wheel, and he took the back wheel of Bud Taylor's bicycle and placed it on that claimed by Barnhart for the reason that Bud Taylor's bicycle had a pedal broken off; and that the officer, Morris, asked him to show him Bud Taylor's bicycle, and he did so. He contradicted the officer as to the fact that the bicycle in question was standing by the side of the fence the first day the officer came in search of it, and he supposed that the officer saw it. He also denied telling Barnhart, when he stopped him as he was riding the wheel, that he did not know where Bud Taylor got the wheel.

Julia Franklin and Mary Smith testified that the wheel Barnhart saw appellant riding was left at their place some time in February, by a negro boy; that the boy rolled the wheel up the alley to their gate and obtained permission to leave the frame and front wheel until he could have the back wheel repaired as it was broken; that he placed the wheel against the fence near the gate, where it remained until taken away the day appellant rode the wheel to town; that this strange boy took the back wheel away, and has not been seen by either of them since; that Thompson took the wheel with their consent, and returned it the same evening, and, after so returning it, it was set by the fence near the gate, where it remained until seen by Officer Morris. That appellant lived in the same yard with them and two other families, though they occupied different houses. They also testified that the officer asked to be shown Bud

Taylor's bicycle; and about that time Bud Taylor came up leading a horse, and defendant informed the officer that the man with the horse was Taylor. Petmecky testified to selling Barnhart the wheel in question, except the back wheel, which was part of a Cleveland bicycle; and he, sold Barnhart a Monarch. Officer Morris, recalled, stated that he did not ask defendant to show him Bud Taylor's bicycle, but did ask him to show the wheel he was riding when Barnhart saw him. He further testified that the two negro women, Julia Franklin and Mary Smith, were not at the house the first time he called, as they testified; that he did not ask to see Bud Taylor's bicycle, and he did not see any wheel near the fence the first time he went to the place. Julia Franklin and Mary Smith further testified that they could not describe the boy who left the wheel at their place, only he was a negro boy.

We are of opinion this evidence is sufficient to sustain the conviction. Bud Taylor was not produced as a witness on the trial. The witnesses who testified for defendant make it appear that the wheel had been at their residence for two months, when in fact it had only been gone for about one month. Appellant stated to Barnhart that he had borrowed the wheel from Bud Taylor, when, in fact, his witnesses Franklin and Smith testified that they had loaned it to him, and that it was brought there by a strange negro boy whom they had never seen before nor since, and could give no description of him. The court tried the case without the intervention of a jury, and was warranted in believing the testimony for the State in preference to that introduced by defendant.

After the testimony had been heard, appellant requested the court to issue a subpoena for Rebecca Johnson and Carrie and Sarah Jackson, who lived adjoining defendant, as witnesses; with the further request that court adjourn until 9 o'clock the following morning, as said witnesses were not found by the sheriff in time to secure their testimony that day. He stated to the court that he had learned from the witness Mary Smith that Rebecca Johnson and Carrie Jackson had both seen the wheel claimed by Barnhart standing by the side of Bud Taylor's fence, and had talked with said witness about it. And these witnesses would testify that said wheel had been there for about two months. The court refused to postpone the case, and exception was taken. No diligence was shown on the part of appellant to secure these witnesses. They lived at the adjoining place, as shown, and their testimony would have been to the effect that said wheel had been there for two months. Barnhart's wheel had been stolen only one month.

Appellant sought a new trial, among other reasons, for the testimony of Sarah Jackson and J. C. Petmecky. By Sarah Jackson he expected to show that she was in the yard at her mother's the day the wheel was left with Mary Smith and her sister, Julia Franklin; and that it was left by a negro boy, who took away the back wheel and left the frame and front wheel, and that this negro boy was not Link Thompson; that defendant was not present when the bicycle was left with said Mary and Julia Franklin. Sarah Jackson, it seems, lived in an ad-

joining yard. There is no diligence shown on appellant's part why this witness was not present. It was but cumulative testimony, even if Sarah Jackson would testify as claimed. By Petmecky, appellant expected to prove that he run a bicycle repair shop in Austin, and that about February 15, 1903, a negro boy left the back wheel of a Monarch bicycle in his shop to be repaired, and the wheel is still there and has not been called for since it was left. If there is any merit in the testimony of the defense, the wheel had been at the residence of Smith and Franklin for about two months before February 15th, for it was on February 15th or about that time, that Barnhart saw defendant using the wheel, and they show that the negro boy who brought the bicycle to their residence took the back wheel with him at the time he left it. This testimony does not exclude the idea that it was defendant who carried the wheel to Petmecky for repair; nor does it undertake to show any fact except that the wheel was left there for repair by a negro boy. Appellant was a negro boy. We do not think there is any merit in this portion of the motion for new trial. The evidence is sufficient to sustain the conviction. There being no reversible error in the record, the judgment is affirmed.

*Affirmed.*

[Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]